# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **DIANE WHITE,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No.: 2:18-cv-01243-ACA** |
| | ] | |
| **DARRIN RAY MILLER, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the court on Defendants' motion to dismiss.  (Doc. 7).

Plaintiff Diane White brings this action asserting negligence and wantonness

claims against Defendants Darrin Ray Miller and Omni Specialized, LLC.

("Omni") to recover damages arising from a motor vehicle accident allegedly

caused by Mr. Miller.  (Doc. 1 at 1–3).   In the motion, Defendants argue that

Counts II, III, and IV of Ms. White's complaint should be dismissed for failure to

state a claim.  (Doc. 7 at 1).  The motion has been fully briefed and the issues are

ripe for review.  (Doc. 7; Doc. 15; Doc. 16).  For the reasons explained below, the

court **WILL GRANT** Defendants' motion and **WILL DISMISS** Counts II, III,

and IV of the complaint.

## I.    STANDARD OF REVIEW

Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim.  *Twombly*, 550 U.S. at 556.  A complaint need not contain detailed factual allegations, but a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  When resolving a motion to dismiss, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff."  *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam)).

## II.    BACKGROUND

The facts taken in the light most favorable to Ms. White are as follows.  On January 11, 2017, Ms. White was traveling on Interstate 59 in Jefferson County, Alabama.  (Doc. 1 at 2–3).  At the same time and place, Mr. Miller was driving a tractor-trailer in the same direction.  (*Id.*).  Mr. Miller allegedly struck the rear quarter panel of another driver's vehicle, causing it to collide with Ms. White's vehicle.  (*Id.* at 2–3).  Ms. White asserts that Mr. Miller was not paying attention as he changed lanes and failed to keep a proper lookout for other vehicles.  (*Id.* at 3). Ms. White claims to have suffered severe bodily injuries.  (*Id.*).

Ms. White filed this action against Mr. Miller and Omni on August 7, 2018. (*Id.* at 1).  Invoking diversity of citizenship as the predicate for federal jurisdiction, Ms. White asserts state law claims including: negligence (Count I); wantonness (Count II); negligent and wanton entrustment (Count III); and negligent hiring, training, and supervision (Count IV).  (*Id.* at 3–6).

## III.    DISCUSSION

Defendants argue that Counts II–IV of the complaint are due to be dismissed because the allegations consist of bare legal conclusions and otherwise fail to allege sufficient factual content to support a plausible inference of liability.  The court agrees.

## A. Count II: Wantonness

Under Alabama law, wantonness is defined as "conduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala. Code § 6-11-20(b)(3). To state a claim for wanton or reckless conduct, Ms. White must allege that Mr. Miller engaged in some act or omitted some duty "while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury [would] likely or probably result." *Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007) (citing *Bozeman v. Central Bank of the South*, 646 So. 2d 601 (Ala. 1994)).

As plead, there are no facts from which to infer Mr. Miller's consciousness or awareness that Ms. White's injuries would likely result from his decision to change lanes. There is no allegation that Mr. Miller was driving at an unsafe speed, using drugs or alcohol, ignoring traffic signals, or otherwise conducting himself with a reckless or conscious disregard of Ms. White's safety. Accordingly, the court **WILL GRANT** Defendants' motion as to Count II and **WILL DISMISS** Ms. White's wantonness claim.

## B. Count III: Negligent and Wanton Entrustment

To state a claim for negligent and/or wanton entrustment, Ms. White must show "(1) an entrustment of the vehicle; (2) to an incompetent; (3) with knowledge that he is incompetent; (4) negligent or wanton use of the entrusted vehicle which

proximately caused the plaintiff's damages; and (5) damages." *Penland v. Allsup*, 527 So. 2d 715, 715 (Ala. 1988). "The doctrine of negligent entrustment is founded on the primary negligence of the entrustor in supplying a motor vehicle to an incompetent driver, with manifestations of the incompetence of the driver as a basic requirement of a negligent entrustment action." *Mason v. New*, 475 So. 2d 854, 856 (Ala. 1985). Moreover, "the incompetence of a driver is measured by the driver's demonstrated ability (or inability) to properly drive a vehicle." *Halford v. Alamo Rent-A-Car, LLC*, 921 So. 2d 409, 413–14 (Ala. 2005). Ms. White's complaint fails to allege that Mr. Miller was unfit to properly operate a vehicle or Omni's awareness of any such incompetence. Therefore, the court **WILL GRANT** Defendants' motion as to Count III and **WILL DISMISS** Ms. White's negligent and wanton entrustment claim.

### C. Count IV: Negligent Hiring, Training, and Supervision

To support a negligent hiring, training, and/or supervision claim, Ms. White must allege that: (1) Mr. Miller committed a tort recognized under Alabama law; (2) Mr. Miller was incompetent to drive a vehicle; (3) Omni had notice of Mr. Miller's incompetence or would have known had it exercised due diligence; and (4) Omni failed to adequately respond to this notice. *Southland Bank v. A & A Drywall Supply Co., Inc.*, 21 So. 3d 1196, 1215 (Ala. 2008). As with the negligent entrustment claim, there is no particular allegation of Mr. Miller's incompetence to

support the second element.  Further, Ms. White does not allege that Omni was on notice of any incompetence to satisfy the third element, and, even assuming the presence of such notice, there is no indication that Omni responded in an inadequate manner.  Thus, the court **WILL GRANT** Defendants' motion as to Count IV and **WILL DISMISS** Ms. White's negligent hiring, training, and supervision claim.

## IV.    Conclusion

Because Counts II–IV of Ms. White's complaint fail to state a claim upon which the court may grant relief, the court **GRANTS** the Defendants' motion and **DISMISSES** these counts **WITHOUT PREJUDICE.**

**DONE** and **ORDERED** this November 27, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE